IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

A.W. and HER MOTHER            §
MARY KING-WHITE,               §
                               §
          Plaintiffs,          §
                               §
v.                             §   CIVIL ACTION NO. H-13-3551
                               §
AMANDA MICHELLE FEENSTRA,      §
                               §
          Defendants.          §

## MEMORANDUM OPINION AND ORDER

Plaintiffs, A.W. and her mother, Mary King-White ("King-White"), brought this action against defendants, the Humble Independent School District ("HISD"), Amanda Michelle Feenstra ("Feenstra"), Guy Sconzo, Charles Ned, Juan Melendez, Tammy McHale, Craig Stowers, and Alicia Narcisse, for violation of civil rights guaranteed by the United States Constitution under 42 U.S.C. §§ 1983 and 1988 ("§ 1983" and "§ 1988"), and Title IX of the Education Act of 1972, 20 U.S.C. § 1681 ("Title IX"). Plaintiffs also asserted claims against all defendants under the Texas Civil Practice and Remedies Code and the common law of the State of Texas for the failure to adequately train, supervise, and discipline employees, sexual assault and battery, negligence and gross negligence, bystander recovery, and infliction of emotional distress. Plaintiffs seek compensatory and exemplary damages, pre- and post-judgment interest, costs of court, attorney's fees, and

other relief available at law and in equity to which they might be entitled.   In a Memorandum Opinion and Order issued on June 11, 2014 (Docket Entry No. 35), the court dismissed the claims asserted against HISD and all the individual defendants except Feenstra. Pending before the court are Defendant Amanda Michelle Feenstra's Motion for Partial Summary Judgment (Docket Entry No. 58), and Defendant Amanda Michelle Feenstra's Rule 12(c) Motion for Judgment on the Pleadings (Docket Entry No. 59).   For the reasons set forth below, Feenstra's motion for judgment on the pleadings will be granted as to all of the federal law claims that plaintiffs have asserted against her, the court will decline to exercise supplemental jurisdiction over the plaintiffs' state law claims against Feenstra, and Feenstra's motion for partial summary judgment will be denied as moot.

## I.  __Plaintiffs' Factual Allegations__

King-White is the mother of A.W. who was a minor during most of the events giving rise to this action.   Plaintiffs allege that between 2009 and 2011 while A.W. was a student at Humble High School, A.W. was sexually molested on multiple occasions by her same-sex dance teacher, defendant Feenstra.   Plaintiffs allege that the abuse began in the spring of 2009 when A.W. was 16 years old, and continued until 2011 when A.W. graduated from Humble High School.   Plaintiffs allege that when the abuse began Feenstra

instructed A.W. to remain quiet, and A.W. remained quiet.
Plaintiffs allege that while the abuse was occurring, A.W.'s grades
changed, A.W. withdrew from her classmates and dance teammates, and
that with King-White's consent, A.W. went to live in Feenstra's
home. Plaintiffs allege that Feenstra spent excessive amounts of
time with A.W. behind closed doors, and that Feenstra took A.W. on
personal trips during the school day and on out-of-town trips
during which she and A.W. shared a room and a bed. Plaintiffs
allege that after A.W. graduated from Humble High School Feenstra
called A.W. on the phone and stalked A.W.[1]

Eventually A.W. told a former dance instructor about
Feenstra's actions. After the dance instructor reported A.W.'s
story to authorities, Feenstra was arrested. On October 13, 2013,
Feenstra pleaded guilty to an improper relationship with a student
and was sentenced to 10 years deferred adjudication and probation.[2]

## II.  Motion for Judgment on the Pleadings

Feenstra's motion for judgment on the pleadings seeks
dismissal of all the claims asserted against for failure to state
a claim for which relief may be granted.

---

[1]Plaintiffs' Original Complaint, Docket Entry No. 1, pp. 1-15
¶¶ 1-82, esp. ¶¶ 2, 8, 19, 29, 41, 43, 46, 50, 55, 57-62, and 79.

[2]Id. at 15 ¶¶ 80-82.

A.    Standard of Review

Once a responsive pleading has been filed, a motion to dismiss for failure to state a claim is properly filed as a motion for judgment on the pleadings under Rule 12(c). Jones v. Greninger, 188 F.3d 322, 324 (5th Cir. 1999) (per curiam). "'A motion brought pursuant to Fed.R.Civ.P. 12(c) is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts.'" In re Enron Corp. Securities, Derivative & "ERISA" Litigation, 439 F.Supp.2d 692, 695 (S.D. Tex. 2006) (quoting Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co., 313 F.3d 305, 312 (5th Cir. 2002) and Herbert Abstract Co. v. Touchstone Properties, Ltd., 914 F.2d 74, 76 (5th Cir. 1990)(per curiam)). "A motion for judgment on the pleadings under Rule 12(c) is subject to the same standard as a motion to dismiss under Rule 12(b)(6)." Doe v. MySpace, Inc., 528 F.3d 413, 417 (5th Cir. 2008) (citing Johnson v. Johnson, 385 F.3d 503, 529 (5th Cir. 2004)). Accepting the plaintiff's factual allegations as true, the court considers whether the complaint states a plausible claim for relief. See Young v. City of Houston, 599 F. App'x 553, 554 (5th Cir. 2015).

-4-

## B. Analysis of Plaintiffs' Federal Law Claims

Plaintiffs assert federal law claims against Feenstra for violations of Title IX of the Education Act of 1972, and violations of constitutional rights actionable under 42 U.S.C. § 1983.[3]

### 1.   Plaintiffs' Title IX Claims Will Be Dismissed

Count 1 of Plaintiffs' Complaint asserts a claim pursuant to Title IX based upon sexual harassment, rape, and abuse.  Feenstra argues that plaintiffs' Title IX claims should be dismissed because (1) Title IX claims are not actionable against individuals, (2) King-White lacks standing to assert Title IX claims on her own behalf, and (3) the Title IX claims asserted in this action are time-barred.[4]  Plaintiffs have not responded to any of Feenstra's arguments that plaintiffs' Title IX claims should be dismissed.

#### (a)   Applicable Law

Title IX of the Education Act Amendments of 1972 provides that "[n]o person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance." 20 U.S.C. § 1681(a).  The

---

[3]Id. at 16-36 ¶¶ 83-176.

[4]Defendant Amanda Michelle Feenstra's Rule 12(c) Motion for Judgment on the Pleadings, Docket Entry No. 59, pp. 3-4.

Supreme Court has held that Title IX is enforceable through an implied right of private action against federal funding recipients, Cannon v. University of Chicago, 99 S. Ct. 1946, 1968 (1979), and that monetary damages are available in such actions. Franklin v. Gwinnett County Public Schools, 112 S. Ct. 1028, 1038 (1992). See also Gebser v. Lago Vista I.S.D., 118 S. Ct. 1989, 1994 (1998) (recognizing that Title IX is enforceable through an implied right of private action against federal funding recipients). The Court's holding in Franklin established that a federal funding recipient can be held liable for damages in cases involving a teacher's sexual harassment of a student. The Court explained that

> "when a supervisor sexually harasses a subordinate because of the subordinate's sex, that supervisor 'discriminate[s]' on the basis of sex." Meritor Savings Bank, FSB v. Vinson, 477 U.S. 57, 64, 106 S. Ct. 2399, 2404, 91 L.Ed. 49 (1986). We believe the same rule should apply when a teacher sexually harasses and abuses a student. Congress surely did not intend for federal moneys to be expended to support the intentional actions it sought by statute to proscribe.

Id. at 1037. See Rosa H. v. San Elizario I.S.D., 106 F.3d 648, 653 (5th Cir. 1997) (acknowledging that under Title IX "[m]inor students who have been subjected to a sexual relationship with their teachers have a private cause of action for monetary damages"); Doe on Behalf of Doe v. Dallas I.S.D., 153 F.3d 211, 219 (5th Cir. 1998) (recognizing that same-sex sexual harassment is actionable under Title IX).

(b)   Application of the Law to the Alleged Facts

(1) **Plaintiffs' Title IX Claims Are Not Actionable**

Citing <u>Fitzgerald v. Barnstable School Committee</u>, 129 S. Ct. 788 (2009), Feenstra argues that she is entitled to dismissal of the Title IX claims asserted against her because claims based on Title IX are not cognizable against individual school employees.[5] In <u>Fitzgerald</u> the Supreme Court acknowledged that Title IX applies to "institutions and programs that receive federal funds, 20 U.S.C. § 1681(a), . . . but [Title IX] has consistently been interpreted as not authorizing suit against school officials, teachers, and other individuals."   <u>Id.</u> at 796.   <u>See also</u> <u>Rowinsky v. Bryan I.S.D.</u>, 80 F.3d 1006, 1012-13 (5th Cir.), <u>cert. denied</u>, 117 S. Ct. 165 (1996) ("The fact that title IX was enacted pursuant to Congress's spending power is evidence that it prohibits discriminatory acts only by grant recipients.   As an exercise of Congress's spending power, title IX makes funds available to a recipient in return for the recipient's adherence to the conditions of the grant.   While it is plausible that the condition imposed could encompass ending discriminatory behavior by third parties, the more probable inference is that the condition prohibits certain behavior by the grant recipients themselves."); <u>Chestang v. Alcorn State University</u>, 820 F. Supp. 2d 772, 778 (S.D. Miss. 2011) ("Title IX permits actions only against 'programs or activities

---

[5]<u>Id.</u> at 3.

that receive federal financial assistance' and not against individuals."). Plaintiffs do not dispute defendants' contention that Title IX claims asserted against individuals are not actionable. Therefore, Feenstra is entitled to dismissal of the Title IX claims asserted against her in this action.

### (2)   King-White's Title IX Claims Are Not Actionable

Citing Rowinsky, 80 F.3d at 1006, Feenstra argues that King-White's Title IX claims are not actionable for the additional reason that she "has no standing to assert an individual claim under Title IX."[6]  King-White's attempt to assert a Title IX claim against Feenstra is foreclosed by the Fifth Circuit's holding in Rowinsky, 80 F.3d at 1010 n.4, that

> nothing in the statutory language provides [a parent] with a personal claim under title IX.  Even assuming that title IX protects persons other than students and employees, [the parent] has failed [to] assert that she was excluded from participation, denied the benefits of, or subjected to discrimination under any education program or activity.  Absent such a claim, the plain language of title IX does not support a cause of action by [the parent].

King-White's Title IX claims are therefore foreclosed.  Nor is King-White able to assert claims as next friend of A.W. because the facts alleged in the plaintiffs' complaint show that A.W. was not a minor when this action was filed.  Plaintiffs allege that when the abuse began in the spring of 2009, A.W. was 16 years old.

---

[6]Id.

Therefore, A.W. must have reached the age of majority in the spring of 2011, and could not have been a minor when this action was filed over two years later on December 4, 2013.  Accordingly, the court concludes that any Title IX claims that King-White has asserted or attempted to assert individually on her own behalf are not actionable under the alleged facts.

### (3)  Plaintiffs' Title IX Claims Are Time-Barred

Asserting that "[p]laintiffs brought suit on December 4, 2013, more than 2 years after the accrual of any claim under Title IX,"[7] and citing <u>Owens v. Okure</u>, 109 S. Ct. 573 (1989), Feenstra argues that plaintiffs' Title IX claims are subject to dismissal because they are barred by Texas's two-year statute of limitations for general personal injury claims established by the Texas Civil Practices & Remedies Code § 16.003.[8]  Plaintiffs have not responded to Feenstra's argument that their Title IX claims are time-barred, but have responded to Feenstra's argument plaintiffs' § 1983 claims are time-barred by asserting that the applicable statute of limitations is not the general two-year statute cited by defendants but, instead, Texas's five-year statute of limitations for personal injury claims arising from conduct that violates Texas law

---

[7]<u>Id.</u> at 4.

[8]<u>Id.</u>

prohibiting sexual assault, Texas Civil Practices & Remedies Code § 16.0045(a).[9]

In <u>Owens</u>, 109 S. Ct. at 573, the Supreme Court held that claims arising under § 1983 within a particular state should be governed by that state's "residual or general personal injury statute of limitations." <u>Id.</u> at 574. <u>See also</u> <u>Piotrowski v. City of Houston</u>, 51 F.3d 512, 515 n.5 (5th Cir. 1995) (recognizing that in light of the fact that Congress has not provided a statute of limitations in § 1983 cases, federal courts borrow the forum state's general personal injury limitations period, and that in Texas that period is the two-year period established by § 16.003 of the Texas Civil Practices and Remedies Code). Congress has similarly not provided a statute of limitations for claims brought under Title IX.

Every appellate court to consider the issue has held that Title IX claims should be treated like § 1983 claims and governed by state statutes of limitations for personal injury claims. <u>See</u> <u>Walker v. Barrett</u>, 650 F.3d 1198, 1205 (8th Cir. 2011) ("this court has held that Title IX claims are also governed by the state's personal injury statute of limitations"); <u>Wilmink v. Kanawha County Board of Education</u>, 214 F. App'x 294, 296 n.3 (4th Cir. 2007) (per curiam) ("every circuit to consider the issue has held that Title

---

[9]Plaintiffs' Response to Defendant Amanda Feenstra's Rule 12(c) Motion for Judgment on the Pleadings ("Plaintiffs' Response to Rule 12(c) Motion"), Docket Entry No. 61, pp. 5-7.

IX also borrows the relevant state's statute of limitations for personal injury"); Stanley v. Trustees of California State University, 433 F.3d 1129, 1135-36 (9th Cir. 2006) ("we join every other federal circuit to consider this issue and hold that Title IX claims are subject to the applicable state statute of limitations for personal injury actions"); Curto v. Edmundson, 392 F.3d 502, 504 (2d Cir. 2004) (per curiam), cert. denied, 125 S. Ct. 2944 (2005) (applying New York's personal injury statute of limitations to claims asserted under Title IX); M.H.D. v. Westminster Schools, 172 F.3d 797, 803 & n.14 (11th Cir. 1999) ("Although Georgia has a specific five-year statute of limitations for childhood sexual abuse, we disagree with appellant that this statute, not the two-year personal injury statute of limitations, applies to her [Title IX] claims."); Lillard v. Shelby County Board of Education, 76 F.3d 716, 729 (6th Cir. 1996) (holding that the applicable limitations period for Title IX claims "should be the one-year period provided under Tennessee law for personal injury actions"); and Bougher v. University of Pittsburgh, 882 F.2d 74, 78 (3d Cir. 1989) ("we conclude that the most analogous statute of limitations, as in section 1983 and 1985 claims . . . is Pennsylvania's two year statute of limitations").

Thus, for the reasons stated below in § II.B.2 with respect to the plaintiffs' § 1983 claims, the court concludes that plaintiffs' Title IX claims are time-barred because they, too, are subject to

Texas's two-year statute of limitations for personal injuries. <u>See</u> <u>Maltbia v. Coffie</u>, Civil Action No. H-06-843, 2007 WL 43793, * 2 (S.D. Tex. January 5, 2007) ("A two-year statute of limitations governs Maltbia's federal claims under Title IX and Section 1983.").

### 2.   Plaintiffs' § 1983 Claims Are Time-Barred

Counts 2 and 3 of Plaintiffs' Original Complaint assert claims under 42 U.S.C. § 1983 for violations of A.W.'s constitutional rights to equal protection and due process, respectively.[10] Feenstra argues that "[f]or the same reasons that Plaintiffs' Title IX claims are time barred, their 42 U.S.C. § 1983 civil rights claims (Counts II and III) are likewise barred."[11]   Plaintiffs respond that their § 1983 claims are not time barred because the applicable statute of limitations is not the general two-year statute cited by defendants but, instead, Texas's five-year statute of limitations for personal injury claims arising from conduct that violates Texas law prohibiting sexual assault, Texas Civil Practices & Remedies Code § 16.0045(a).[12]   Plaintiffs cite a number

---

[10]Plaintiffs' Original Complaint, Docket Entry No. 1, pp. 19-26, ¶¶ 96-134.

[11]Defendant Amanda Michelle Feenstra's Rule 12(c) Motion for Judgment on the Pleadings, Docket Entry No. 59, p. 5.

[12]Plaintiffs' Response to Rule 12(c) Motion, Docket Entry No. 61, pp. 5-7

of cases that have applied Texas's five-year statute of limitations to state law claims, but have not cited any case that has applied the five-year limitations period to federal law claims asserted under § 1983.[13]

Congress has not provided a statute of limitations for civil rights claims brought under 42 U.S.C. § 1983.  Plaintiffs' argument that their § 1983 claims are not governed by Texas's two-year limitations period for personal injury claims but, instead, by Texas's five-year limitations period for sexual assault claims, is foreclosed by the Supreme Court's decisions in Wilson v. Garcia, 105 S. Ct. 1938, 1941-49 (1985), superseded on other grounds by 28 U.S.C. § 1658(a), as recognized in Jones v. R.R. Donnelley & Sons Co., 124 S. Ct. 1836 (2004), and in Owens, 109 S. Ct. at 573. In Wilson, 105 S. Ct. at 1941-49, the Supreme Court held that civil rights claims arising under 42 U.S.C. § 1983 within a particular state should be governed by that state's statute of limitations for personal injury claims.  In reaching this holding the Court reasoned that

> [i]f the choice of the statute of limitations were to depend upon the particular facts or the precise legal theory of each claim, counsel could almost always argue,

---

[13]Id. at 6-7 (citing Stephanie M. v. Coptic Orthodox Patriarchate Diocese of the Southern United States, 362 S.W.3d 656, 659-60 (Tex. App.— Houston [14th dist.] 2011, no pet.); C.R. v. American Institute for Foreign Study, Inc., Civil Action No. SA-12-CA-1046-XR, 2013 WL 5157699 (W.D. Tex. September 12, 2013); Doe v. Catholic Society of Religious and Literary Education, Civil Action No. H-09-1059, 2010 WL 345926 at * 8 (S.D. Tex. January 22, 2010)).

with considerable force, that two or more periods of
limitations should apply to each § 1983 claim. Moreover,
under such an approach different statutes of limitations
would be applied to the various § 1983 claims arising in
the same State, and multiple periods of limitations would
often apply to the same case.   There is no reason to
believe that Congress would have sanctioned this
interpretation of its statute.

Id. at 1944-46.   See also Walker v. Epps, 550 F.3d 407, 411 (5th

Cir. 2008) (recognizing that in Wilson "the Supreme Court held that

§ 1983 actions are best characterized as personal injury actions

and, as such, should be subject to state statutes of limitations

for general personal injury actions," "that applying various

limitations periods to separate § 1983 actions had been

problematic," and that "'practical considerations' supported a

'simple, broad characterization of all § 1983 claims'").

In Owens, 109 S. Ct. at 582, the Supreme Court specifically

rejected the argument that the statute of limitations applicable to

any given § 1983 claim should depend on the particular facts or

precise legal theories alleged.   Instead, the Supreme Court held

that claims arising under § 1983 within a particular state should

be governed by that state's "residual or general personal injury

statute of limitations." Id. at 574.   See also Piotrowski, 51 F.3d

at 514 n.5 (holding that in light of the fact that Congress has not

provided a statute of limitations in § 1983 cases, federal courts

borrow the forum state's general personal injury limitations

period).   Thus, merely because plaintiffs' § 1983 claims are

predicated on sexual abuse does not mean that the applicable

-14-

statute of limitations is Texas's special limitations statute for sexual assault claims. _See_ _Nunley v. Pioneer Pleasant Vale School District No. 56_, 190 F. Supp. 2d 1263, 1265 n.1 (W.D. Okla. 2002) (rejecting a similar argument regarding § 1983 and Title IX claims asserted in Oklahoma which, like Texas, has a special statute of limitations for sexual assault claims). _See also_ _Maltbia_, 2007 WL 43793, * 2 ("A two-year statute of limitations governs Maltbia's federal claims under Title IX and Section 1983."). Because plaintiffs have not cited any case that has applied Texas's special statute of limitations for sexual assault claims, as opposed to Texas's general statute of limitations for personal injury claims, to claims asserted under 42 U.S.C. § 1983, the court concludes that the § 1983 claims asserted here are governed by Texas's two-year limitations period for general personal injury claims.

Plaintiffs filed their Original Complaint on December 4, 2013. Applying the Texas general statute of limitations for personal injury claims, Texas Civil Practices & Remedies Code § 16.003, plaintiffs cannot prevail on their § 1983 claims if those claims accrued more than two years earlier, i.e., before December 4, 2011. The question of when a cause of action accrues is a question of federal law. The Fifth Circuit has held that in civil rights cases a cause of action accrues, and the limitations period begins to run, "'the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been

injured.'" <u>Piotrowski</u>, 237 F.3d at 576 (quoting <u>Russell v. Board of Trustees of Firemen, Policemen and Fire Alarm Operators' Pension Fund of Dallas</u>, 968 F.2d 489, 493 (5th Cir. 1992)).  A plaintiff's awareness encompasses both knowledge of the injury and knowledge of the causal link between the injury and the defendant.  The plaintiff need not know that a legal cause of action exists; he need only know facts that would support a claim.  <u>Id.</u>  When the claim accrues, the limitations period begins to run unless tolling applies.  Under Texas law, however, plaintiffs who are younger than eighteen when their claim accrues are considered to be under a legal disability.  The statute of limitations is tolled until such a plaintiff turns eighteen, when the disability ends.  Tex. Civ. Prac. & Rem. Code § 16.001.

Plaintiffs allege that the abuse underlying the claims asserted in this action occurred from 2009 to 2011.  Plaintiffs allege that A.W. was a freshman during the 2007-2008 school year, that A.W. was 16 years old when Feenstra began abusing her in the spring of 2009, and that the abuse continued until A.W. graduated in 2011.[14]  Asserting that "[p]laintiffs do not dispute that the abuse described in the complaint occurred more than two years before suit was filed,"[15] Feenstra argues that "since A.W. turned

---

[14]<u>See</u> Plaintiffs' Original Complaint, Docket Entry No. 1, pp. 5-6 ¶¶ 22, 25-29.

[15]Defendant Amanda Michelle Feenstra's Rule 12(c) Motion for
(continued...)

18 in the spring of 2011, more than two years passed before suit was filed."[16]  Even though the limitations period on A.W.'s claims could not have started to run before A.W. reached the age of majority, since plaintiffs allege that A.W. was 16 years old in the spring of 2009, A.W. must have been 18 in the spring of 2011, which was more than two years before this action was filed on December 4, 2013.[17]  Therefore plaintiffs' § 1983 claims are time-barred.

## C.   The Court Declines to Exercise Supplemental Jurisdiction Over Plaintiffs' State Law Claims

Plaintiffs filed their complaint in this court pursuant to the statutes governing federal question jurisdiction, 28 U.S.C. § 1331, and 28 U.S.C. § 1343 governing jurisdiction for federal civil rights claims arising from actions taken under color of state law.[18] In addition to the federal claims asserted under Title IX and § 1983, plaintiffs asserted claims against all defendants, including Feenstra, based on state law for failure to train, supervise, and discipline, sexual assault and battery, negligence

---

[15](...continued)
Judgment on the Pleadings, Docket Entry No. 59, p. 4(citing A.W. v. Humble Independent School District, 25 F.Supp.3d 973, 989 (S.D. Tex. 2014)).

[16]Id.

[17]See Plaintiffs' Original Complaint, Docket Entry No. 1, p. 6 ¶ 25-29.

[18]Id. at 2 ¶ 5.

-17-

and gross negligence, bystander recovery, and infliction of emotional distress.  Feenstra argues that the bystander claims asserted against her by A.W.'s mother, King-White are not actionable, and that the remaining state law claims are all barred by Texas' two-year statute of limitations for personal injuries.[19]

Federal courts are courts of limited jurisdiction.  They adjudicate claims arising from violations of federal law, including the United States Constitution, claims in which diversity of the parties is present, and pendent state law claims over which the court may exercise supplemental jurisdiction.  See 28 U.S.C. § 1367(a) ("Except as [otherwise] provided . . . the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.").  Since the court has concluded that the plaintiff's only federal claims are subject to dismissal, no federal question remains before the court. Although this fact alone does not divest the court of jurisdiction, the court must decide whether to exercise supplemental jurisdiction over the remaining, pendent state law claims.  See 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . .

---

[19]Defendant Amanda Michelle Feenstra's Rule 12(c) Motion for Judgment on the Pleadings, Docket Entry No. 59, pp. 5-7.

. (3) the district court has dismissed all claims over which it has original jurisdiction.").

In <u>Carnegie-Mellon University v. Cohill</u>, 108 S. Ct. 614, 619 n.7 (1988), the Supreme Court recognized that "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine -- judicial economy, convenience, fairness, and comity -- will point toward declining to exercise jurisdiction over the remaining state-law claims." <u>See also</u> <u>United Mine Workers v. Gibbs</u>, 86 S. Ct. 1130, 1139 (1966) (recognizing that ordinarily, when the federal claims are dismissed before trial, the pendent state claims should be dismissed as well). Moreover, the general rule in the Fifth Circuit is to dismiss state law claims when the federal claims they supplement are dismissed. <u>See</u> <u>Parker & Parsley Petroleum Co. v. Dresser Industries</u>, 972 F.2d 580, 585 (5th Cir. 1992) (citing <u>Wong v. Stripling</u>, 881 F.2d 200, 204 (5th Cir. 1989)). <u>See also</u> <u>Brookshire Brothers Holding, Inc. v. Dayco Products, Inc.</u>, 554 F.3d 595, 602 (5th Cir. 2009) ("The general rule is that a court should decline to exercise jurisdiction over remaining state-law claims when all federal law claims are eliminated before trial. . ."). The dismissal of the pendent state law claims should expressly be without prejudice so that the plaintiff may refile those claims in the appropriate state court. <u>See</u> <u>Bass v. Parkwood Hospital</u>, 180 F.3d 234, 246 (5th Cir. 1999).

See also 28 U.S.C. § 1367(d) ("The period of limitations for any claim asserted under subsection (a) . . . shall be tolled while the claim is pending and for a period of 30 days after it is dismissed unless State law provides for a longer tolling period.").

In Parker & Parsley, 972 F.2d at 582, the Fifth Circuit held that a district court abused its discretion in failing to relinquish jurisdiction over pendent state law claims. In that case, which like this case was originally filed in federal court, the sole federal claim was dismissed after nine months of trial preparation and one month before the scheduled trial date. The district court retained jurisdiction over state law fraud, contract, and tort claims, and continued the case for three additional months. Before the dismissal of the federal claim, there had been "'a serious attack upon the propriety of venue,' 'rigorous deposition schedules,' 'ungodly amounts of discovery documents,' and a hearing on discovery disputes." Id. at 584. In refusing to surrender jurisdiction over the pendent state law claims, the district court had concluded that "'the equities weigh heavily in favor of maintenance of the case,'" and went on to hold a full trial and render judgment on the state law claims. Id. at 584-85.

"After considering and weighing all the factors present in th[e] case," id. at 590, the Fifth Circuit reversed the district court, finding that the failure to relinquish the state law claims

was an abuse of discretion.  Id.  The Fifth Circuit carefully analyzed the Carnegie-Mellon factors, expressly stating that "[n]o single factor . . . is dispositive."  Id. at 587.  In its consideration, the court noted a number of facts and circumstances weighing in favor of relinquishing jurisdiction:  (i) the case was "only nine months" old; (ii) trial was "still a few weeks away;" (iii) "discovery had not been completed;" (iv) "the case was at an earlier stage than the parties and the court previously might have thought" due to an amended complaint that changed the theories of the case; (v) the district judge did not have "substantial familiarity with the merits of the case;" (vi) the remaining state law issues were "difficult ones;" (vii) remaining in federal court did not "prevent[ ] redundancy [or] conserve[ ] substantial judicial resources;" (viii) there would be no "undue inconvenience" such as a "tremendous financial drain" or a necessity for new legal research; (ix) the already completed discovery "was largely usable in the state proceeding;" (x) the parties would not be prejudiced by remand; and (xi) the "important interests of federalism and comity" heavily favored remand.  Id. at 587-89.

Careful examination shows that the circumstances in this case are similar to those in Parker & Parsley.  This case is less than two years old.  Although discovery was completed three months ago in April of 2015, no hearings or trial dates have been scheduled, this court has not yet familiarized itself with any of the state

law issues, the already completed discovery should be largely usable in the state proceeding, the remaining state law issues are difficult ones, and no prejudice will be suffered by either party if the state law claims are dismissed without prejudice to refiling in state court. Because the court has concluded that the federal claims asserted in this action are subject to dismissal, and because this action is still at an early stage, the court declines to exercise supplemental jurisdiction over the remaining, pendent state law claims. Accordingly, the court concludes that the state law claims asserted in this action are subject to dismissal without prejudice to refiling in a state court of appropriate jurisdiction.

### III.   Conclusions and Order

For the reasons stated in § II.B above, the court concludes that the claims plaintiffs have asserted against defendant Amanda Michelle Feenstra based on Title IX are subject to dismissal with prejudice because they are not actionable and are time-barred, and that the claims plaintiffs have asserted against Amanda Michelle Feenstra based on 42 U.S.C. § 1983 are subject to dismissal with prejudice because they are time-barred. For the reasons stated in § II.C above, the court declines to exercise supplemental jurisdiction over the remaining state law claims which will be dismissed without prejudice to refiling in a state court of appropriate jurisdiction. Accordingly, Defendant Amanda Michelle Feenstra's Rule 12(c) Motion for Judgment on the Pleadings (Docket

Entry No. 59) is **GRANTED in PART** and **DENIED in PART,** and Defendant Amanda Michelle Feenstra's Motion for Partial Summary Judgment (Docket Entry No. 58) is **DENIED as MOOT.** All of the claims based on federal law that plaintiffs have asserted against defendant Amanda Michelle Feenstra will be **dismissed with prejudice,** and all of the claims based on state law that plaintiffs have asserted against Amanda Michelle Feenstra will be **dismissed without prejudice**.

    **SIGNED** at Houston, Texas, on this the 27th day of July, 2015.

_____
                SIM LAKE
    UNITED STATES DISTRICT JUDGE